**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2013, 5:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DALE W. ARNETT**
Winchester, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARTHUR DALE MILLER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF INDIANA,[1] | ) | No. 38A04-1301-CR-8 |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE JAY SUPERIOR COURT
The Honorable Max C. Ludy, Judge
Cause No. 38D01-1209-FC-2

August 14, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] Although the State of Indiana was initially listed as Appellee, the State has filed a Notice of Non-Involvement and has not participated in this appeal.

Arthur Dale Miller ("Miller") filed this appeal following the trial court's determination that the Jay County Sheriff was not in contempt of court.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

On September 19, 2012, the State charged Miller with operating a motor vehicle after forfeiture of license for life[2] as a Class C felony, criminal recklessness[3] as a Class A misdemeanor, and failure to stop after an accident resulting in damage to an attended vehicle[4] as a Class C misdemeanor. Miller signed a plea agreement on October 4, 2012, in which he agreed to plead guilty to Count I and serve a four-year executed sentence, in exchange for the State dismissing Counts II and III. The court accepted Miller's guilty plea and, on November 13, 2012, ordered the Jay County Sheriff to deliver Miller to the Department of Correction within five business days. *Appellant's App* at 4-5.

On November 30, 2012, seventeen days after sentencing, Miller had not yet been delivered to the Department of Correction, and he filed a pro se "Petition of Alligations (sic) of Contempt of Court." *Id.* at 34-35. In the petition, Miller alleged that his due process rights were being violated because the Jay County Sheriff was ignoring the trial court's order. He asked that the Jay County Sheriff be found in contempt of court and be fined $5,000 per day, or the maximum allowed by law.

---

[2] *See* Ind. Code § 9-30-10-17.

[3] *See* Ind. Code § 35-42-2-2.

[4] *See* Ind. Code § 9-26-1-2.

The trial court held a hearing on the petition on December 3, 2012, and found that the Jay County Sheriff was not in contempt. Miller asked to appeal the court's decision, and the trial court appointed appellate counsel to represent Miller. Miller's Notice of Appeal, which was mailed on January 2, 2013, named the State of Indiana as Appellee. Miller did not serve Notice of Appeal upon the Jay County Sheriff. *See id.* at 40. On June 27, 2013, the Indiana Attorney General ("Attorney General") filed a special appearance in order to file a Notice of Non-Involvement of Indiana Attorney General ("Notice of Non-Involvement"). In the Notice of Non-Involvement, the Attorney General argued that the State is not involved in the appeal because the only relief Miller requested is against the Jay County Sheriff, who the Attorney General does not represent. The Attorney General further noted that the State had no involvement in the matter at the trial court.

## DISCUSSION AND DECISION

After reviewing the record, we dismiss this appeal for lack of jurisdiction. The Indiana Supreme Court and Indiana Court of Appeals have limited authority over appeals. *See* Ind. Appellate Rule 4, 5. To perfect an appeal, an appellant must take certain steps, including serving Notice of Appeal upon all parties of record in the trial court and other persons, as required by statute or dictated by subject matter. *See* App. R. 24. For example, an appellant shall serve Notice of Appeal, among other documents, upon the Attorney General "in all Criminal Appeals and any appeals from a final judgment declaring a state statute unconstitutional in whole or in part." App. Rule 24(A)(1)(e).

Here, Miller has timely filed an appeal, but identified the improper party as appellee. The State of Indiana was not a party at the trial court in Miller's petition for contempt and, accordingly, has no interest in the appeal. Indeed, at the trial court, the respondent was the Jay County Sheriff. Miller has failed to serve the Sheriff or make the Sheriff a party in this appeal. We therefore dismiss this appeal for lack of jurisdiction.

Dismissed.

ROBB, C.J., and RILEY, J., concur.